UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN A. COOK,<br><br>    Petitioner,<br><br>CHRISTIAN PFEIFFER, Warden,<br><br>    Respondent. | NO. CV 18-09940-DSF (AGR)<br><br><br>ORDER TO SHOW CAUSE |

On November 14, 2018, Petitioner constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"), pursuant to 28 U.S.C. § 2254. For the reasons set forth below, it appears the Petition is untimely. The Court orders Petitioner to show cause, on or before *January 18, 2019*, why the Court should not recommend dismissal of the Petition with prejudice as barred by the statute of limitations.

# I.

## **PROCEDURAL BACKGROUND**

On January 18, 2013, a Los Angeles County Superior Court jury found Petitioner guilty of attempted premeditated murder, evading a police officer, and shooting at an occupied motor vehicle. The Superior Court found true criminal street gang and firearm enhancement allegations. (Dkt. No. 1 at 1; Case No. BA392115.)[1] The Court imposed the following sentences: "On count 2 (evading a police officer), a five-year base term, consisting of the midterm of two years, plus three years for the gang enhancement. On count 1 (attempted murder), life without the possibility of parole after a minimum term of 15 years pursuant to section 186.22, subdivision (b)(5). The sentence on count 3 (shooting at an occupied motor vehicle and all enhancements) was imposed and stayed under section 654." *People v. Cook*, No. B247646, 2014 WL 3858647, at *3, n.5 (Cal. Ct. App. Aug. 6, 2014).

On March 19, 2013, Petitioner appealed to the California Court of Appeal, which affirmed the judgment on August 6, 2014. (Case No. B247646.)[2] On October 22, 2014, the California Supreme Court denied the petition for review. (Case No. S220950).[3]

On April 29, 2015, Petitioner submitted a request for an unspecified extension of time to file a 28 U.S.C. § 2254 petition in this Court to challenge his state court conviction. *Cook v. Unknown*, CV 15-3208-DSF (AGR) ("*Cook I*," Dkt.

---

[1] Page citations are to the page numbers generated by the CM/ECF system in the header of the document.

[2] Case information accessible on the California Appellate Court Website at: http://appellatecases.courtinfo.ca.gov/search/case/mainCaseScreen.cfm?dist=2&doc_id=2040926&doc_no=B247646&request_token=NiIwLSIkXkg9WyBJSCItTE5IQFg6USxTJyMuXz5SUCAgCg%3D%3D.

[3] Case information accessible on the California Appellate Court Website at: http://appellatecases.courtinfo.ca.gov/search/case/disposition.cfm?dist=2&doc_id=2040926&doc_no=B247646&request_token=NiIwLSIkXkg9WyBJSCI9XEtIMEg6USxTJyMuXz5SUCAgCg%3D%3D.

No. 1.). On May 8, 2015, the Court denied the request without prejudice and sent Petitioner a federal habeas corpus packet for a state prisoner. (*Id.*, Dkt. No. 3.)

On May 18, 2015, Petitioner filed a Petition for Writ of Habeas Corpus with this Court. *Cook v. California*, CV 15-3753-DSF (AGR) ("*Cook II,*" Dkt. No. 1.). The Petition contained no grounds for relief, but instead requested an unspecified extension of time to file a 28 U.S.C. § 2254 petition to challenge his state court conviction. (*Id.* at 3-4.) The Court denied the Petition without prejudice on June 1, 2015. (*Id.*, Dkt. No. 3.) The Court advised Petitioner that, barring other issues, the one-year statute under the AEDPA would expire on January 20, 2016. (*Id.* at 2.)

On June 21, 2018, Petitioner filed a state habeas petition in the California Supreme Court, which denied the petition on October 10, 2018. (Dkt. No. 1 at 3; Case No. S249572.)

On November 14, 2018, Petitioner constructively filed the instant Petition for Writ of Habeas Corpus in this Court and raised three grounds for relief: (1) failure to meet the AEDPA's one-year limitation period is excusable; (2) ineffective assistance of appellate counsel; and (3) an illegal application of California's Three-Strikes law. (Dkt. No. 1 at 5-17.)

## II.
## STATUTE OF LIMITATIONS

The instant Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") on April 24, 1996. Therefore, the court applies the AEDPA in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

The AEDPA contains a one-year statute of limitations for a Petition for Writ of Habeas Corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1). The one-year period starts running on the latest of either the date when a conviction becomes final under 28

U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D). The Court must analyze the statute of limitations on a claim-by-claim basis. *Mardesich v. Cate*, 668 F.3d 1164, 1171 (9th Cir. 2012). The burden of demonstrating that the AEDPA's one-year limitation period was sufficiently tolled, whether statutorily or equitably, rests with the petitioner. *See Pace v. DiGuglielmo*, 544 U.S. 408 (2005).

### A.  The Date on Which Conviction Became Final – § 2244(d)(1)(A)

On October 22, 2014, the California Supreme Court denied the petition for review in Case No. S220950. Petitioner's conviction became final 90 days later on January 20, 2015. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). Absent tolling, the statute of limitations would have expired one-year later on January 20, 2016.

#### 1.  Statutory Tolling

The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Statutory tolling does not apply because there is no indication that Petitioner filed any state habeas petitions challenging his conviction before the limitations period expired on January 20, 2016. Moreover, although Petitioner filed a habeas petition in the California Supreme Court on June 21, 2018, which was subsequently denied on October 10, 2018, a state habeas petition filed after the expiration of the federal limitations period does not restart the statute of limitations. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

#### 2.  Equitable Tolling

A prisoner who files a federal habeas petition after the expiration of the one-year statute of limitations may be entitled to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 649 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that

4

some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649. (citations omitted.). "The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" *Id.* at 653 (citations and quotation marks omitted). The extraordinary circumstances must have been the cause of an untimely filing. *Grant v. Swarthout*, 862 F.3d 914, 918, 926 (9th Cir. 2017).

There is no indication that extraordinary circumstances beyond Petitioner's control prevented him from filing a timely Petition in this Court. Petitioner attributes his untimely filing to "ignorance of the law" and an inability to "find a jailhouse lawyer to assist him." (Dkt. No. 1 at 6.) However, "equitable tolling requires a petitioner show that some 'extraordinary circumstance beyond his control' caused his late petition, and this standard has never been satisfied by a petitioner's confusion or ignorance of the law alone." *Ford v. Pliler*, 590 F.3d 782, 789 (9th Cir. 2009) (citation and some quotation omitted). Petitioner further argues that "Appellate counsel misled Petitioner in a 9-3-14 letter, with no indication of the odds of state court petition success." (Dkt. No. 1 at 5.) However, there is no indication that any of counsel's alleged errors hindered Petitioner's ability to submit a timely Petition with this Court, especially since Petitioner managed to file two requests for extensions of time with this Court on April 22, 2015, and May 18, 2015, well in advance of the January 20, 2016 deadline. *Randle v. Crawford*, 604 F.3d 1047, 1055-57 (9th Cir. 2010) (appellate counsel's failure to perfect a timely appeal, to advise petitioner correctly concerning the time within which to file a state habeas case, and to provide petitioner with case files in order to file state petition insufficient to demonstrate extraordinary circumstances to warrant equitable tolling).

### B. Date of Discovery – 28 U.S.C. § 2244(d)(1)(D)

The statute of limitations may also start to run on the date a petitioner discovered (or could have discovered) the factual predicate for a claim. 28

U.S.C. § 2244(d)(1)(D). The time starts to run when the petitioner knows or through diligence could discover the factual predicate, not when the petitioner realizes their legal significance. *Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001). Petitioner does not allege, and there is no indication in the record that, the factual predicate of the claim presented could not have been discovered earlier through the exercise of due diligence.

## III.
## **ORDER TO SHOW CAUSE**

IT IS THEREFORE ORDERED that, on or before **January 18, 2019**, Petitioner shall show cause as to why the Court should not recommend dismissing the Petition with prejudice as barred by the statute of limitations.

If Petitioner does not respond to this Order to Show Cause, the Magistrate Judge will recommend that the Court dismiss the Petition with prejudice as barred by the statute of limitations.

DATED: December 19, 2018

_____
ALICIA G. ROSENBERG
United States Magistrate Judge

6