1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

BRYAN ANTHONY COOK,                )        NO. CV 18-9940-DSF (AGR)

     Petitioner,                )

       v.                )

CHRISTIAN PFEIFFER, Warden,        )        ORDER ACCEPTING FINDINGS
                                   )        AND RECOMMENDATION OF
     Respondent.                )        MAGISTRATE JUDGE
                                   )

        Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the other records on file herein, the Report and Recommendation of the United States Magistrate Judge and the Objections. Further, the Court has engaged in a *de novo* review of those portions of the Report and Recommendation ("Report") to which objections have been made. The Court accepts the findings and recommendation of the Magistrate Judge.

1      Petitioner objects to the Report's conclusion that he is not entitled to

2 equitable tolling.  Construed liberally, Petitioner contends that his ignorance of the

3 law, low education level, and a score of 6.4 on the Test of Adult Basic Education

4 ("TABE") are extraordinary circumstances sufficient to warrant equitable tolling of

5 the one-year statute of limitations.[1]  (Dkt. No. 11 at 2.)  Petitioner also argued that

6 he exercised due diligence in light of his inability to find a jailhouse lawyer.  (*Id.*)

7      Petitioner's claims are not well taken.  As the Report noted, a pro se

8 petitioner's confusion or ignorance of the law alone is not by itself sufficient to

9 satisfy the equitable tolling standard.  (Dkt. No. 8 at 7.)  *Ford v. Pliler*, 590 F.3d

10 782, 789 (9th Cir. 2009) (citation and some quotation omitted).

11      Petitioner did not previously raise the issue of his 6.4 TABE score as a

12 basis for equitable tolling.  Petitioner was able to request extensions of time to file

13 a habeas petition before this court in *Cook v. Unknown*, CV 15-3208-DSF (AGR)

14 (C.D. Cal. May 8, 2015) ("*Cook I*," Dkt. No. 1 at 1) and *Cook v. California*, CV 15-

15 3753-DSF (AGR) (C.D. Cal. June 1, 2015) ("*Cook II*," Dkt. No. 1 at 3).  Moreover,

16 Petitioner has failed to establish how his educational level caused the untimely

17 filing.  *See Glover v. Evans*, No. CV 08-2811-CJC (FFM), 2009 WL 783443, at *3

18 (C.D. Cal. Mar. 20, 2009) ("bare claim of illiteracy is inadequate to establish the

19 existence of an 'extraordinary circumstance'"; "alleged illiteracy is inadequate to

20 show that petitioner was prevented from timely filing").   In requesting additional

21 time to file a habeas petition, Petitioner stated that he was gathering information

22 to present his claims before this court.  (*Cook II*, Dkt. No. 1 at 3).  Petitioner did

23 not argue that he was unable to file a habeas petition with his grounds for relief

24 due to his educational level.  The fact that Petitioner took time to gather additional

25 evidence is insufficient to warrant equitable tolling.  *See Cruz v. Hedgpeth*, No.

26

27      [1] TABE scores reflect an inmate's educational achievement level and are expressed in numbers reflecting grade level.  *Nguyen v. Bartos*, 2012 U.S. Dist.

28 LEXIS 117460, *4, n.1 (E.D. Cal. Aug. 20, 2012).

SACV 10-01509-GW (VBK), 2012 WL 995283, at *7 (C.D. Cal. Feb. 27, 2012) ("Equitable tolling is not available just because an investigator is attempting to gather facts; rather, there must be an extraordinary circumstance justifying equitable tolling."), *report and recommendation adopted as modified by* 2012 WL 995004 (C.D. Cal. Mar. 21, 2012).

Petitioner's argument that he was unable to find a jailhouse lawyer to assist him for an unspecified period of time is similarly insufficient to demonstrate equitable tolling. There is no indication that Petitioner pursued his rights diligently as he does not explain what steps he took to find assistance and pursue his case in the intervening time. *See Payne v. Paramo*, No. 2:15-CV-0211-TLN (KJN), 2015 WL 2389844, at *4 (E.D. Cal. May 19, 2015) (no equitable tolling based on inadequate legal knowledge and inability to rely on jailhouse lawyers when petitioner failed to show diligence and record suggested he did not seek inmate assistance until "long after the limitations period had already expired"); *Diaz v. Knowles*, No. CIV S-08-0403-LKK (GGH), 2009 WL 728567, at *1 (E.D. Cal. Mar.19, 2009) (no equitable tolling based on inability to find jailhouse lawyer when petitioner failed to show he acted diligently to obtain adequate assistance); *see also Hernandez v. Miller*, No. EDCV 13-2266-PSG (JPR), 2014 WL 3055722, at *5 (C.D. Cal. July 2, 2014).

IT THEREFORE IS ORDERED that judgment be entered denying the Petition and dismissing this action with prejudice.


DATED: June 10, 2019

_____
DALE S. FISCHER
United States District Judge

3